**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON**

**ANNA MICHELLE VINES-CARTER,**

**Plaintiff,**

**v.** **Case No. 2:15-cv-03061**

**STORE MERCHANTS IN MALLS,**

**Defendant.**

## PROPOSED FINDINGS AND RECOMMENDATION

This matter is assigned to the Honorable Joseph R. Goodwin, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On March 13, 2015 the plaintiff, Anna Michelle Vines-Carter, filed an Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1) and a Complaint (ECF No. 2). On March 23, 2015, March 25, 2015, April 3, 2015, April 6, 2015 and April 7, 2015, the plaintiff filed additional documentation in support of her Complaint (ECF Nos. 4 through 11). On April 7, 2015, the plaintiff filed a Letter-Form Motion for Service of Summonses by Certified Mail (ECF No. 13), and also paid the applicable $400 filing fee (ECF No. 14). She also submitted six USM-285 forms for service of process by the United States Marshals Service on six named jewelers, some of which are located in Charleston, West Virginia, and others which are located outside of the State of West Virginia. (ECF No. 16). Finally, the plaintiff filed a "Validation Form Report" which

appears to indicate that she has an active License to Solemnize Marriage in the State of Ohio as a minister of the Progressive Universal Life Church. (ECF No. 17).

**STANDARD OF REVIEW**

Pursuant to 28 U.S.C. § 1915(e)(2), notwithstanding any filing fee or portion thereof that may have been paid, the court shall dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez,* 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the

> elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## ANALYSIS

The plaintiff's Complaint and additional documents are difficult to read and largely unintelligible. Many of the documents are handwritten in cursive and are not legible enough to read. However, the documents contained in ECF Nos. 8, 9, 10 and 11 are type-written and easier to read.

Based upon the undersigned's review of the documents filed by the plaintiff, who lists herself as "Ordend [sic; Ordained?] Cardinal Bishop Rites Reigioues [sic; Religious?] Services Anna M. Vines Carter," the plaintiff appears to be claiming that she owns a trademark on a symbol of a cross "that sits on the left hand side," which she alleges "has been stolen" and "reported" to "the trademark theft Fraud department," "police department," "Secretary of State" and "F burial [sic; FBI?]" and is being sold by various jewelry merchants across the United States (referencing 54 or 56 states, when there are only 50 states) and in other countries. In particular, documents 9 through 11 indicate that the plaintiff seeks to sue Wal-Mart, Posion Jewelry, JC Penney, Reed

Jewelry, Macy's, and Zeal (believed to be Zale's) Jewelry for "selling my cross for 3 ½ years." The plaintiff's documents also appear to allege that some or all of these merchants may be "selling my gold seal under document seal with my cross." The plaintiff's documents indicate that she "would like to settle out of court, for services and expenses" in the amount of "trillions" of dollars.

The Complaint and other documents largely contain incoherent sentence fragments and do not state, in clear and plain terms, facts sufficient to state a claim for relief under the requirements of Rule 8 of the Federal Rules of Civil Procedure, and the decisions in *Twombly* and *Iqbal, supra*. The Complaint ambiguously names "Store Merchants in Malls" as the defendants and then summarily asserts vague and conclusory allegations against numerous unidentified stores or branches thereof, which have only been able to be derived by the court via the additional documents filed by the plaintiff. Therefore, the Complaint fails to state any plausible claim to relief, and is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

Moreover, the plaintiff's allegations appear to be "fantastical and delusional," and have no arguable basis in fact and, therefore, her Complaint is patently frivolous. "A complaint such as this one that describes fantastic or delusional scenarios is subject to immediate dismissal." *See Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *see also Denton v. Hernandez* , 504 U.S. 25, 33 (1992) (a court need not accept irrational and wholly incredible allegations whether or not there are judicially noticeable facts available to rebut them). Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint is frivolous and subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).

**RECOMMENDATION**

For the reasons stated herein, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 1915(e)(2)(B), the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2) for failure to state a claim upon which relief can be granted. It is further respectfully **RECOMMENDED** that the presiding District Judge **DENY** the plaintiff's Letter-Form Motion for Service of Summonses by Certified Mail (ECF No. 13) and **DENY** as moot her Application to Proceed Without Prepayment of Fees and Costs (ECF No. 1). Finally, it is respectfully **RECOMMENDED** that the presiding District Judge warn the plaintiff that the continued filing of frivolous actions or engaging in abusive conduct in this court may result in the imposition of sanctions and/or filing restrictions.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474

U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

April 10, 2015

Dwane L. Tinsley
United States Magistrate Judge