**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**CHARLESTON DIVISION**

ANNA MICHELLE VINES-CARTER,

        Plaintiff,

v.                                    CIVIL ACTION NO.   2:15-cv-03061

STORE MERCHANTS IN MALLS,

        Defendant.

**ORDER**

      This action was referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to this court of proposed findings and recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). On April 10, 2015, the Magistrate Judge submitted findings and recommended that the court dismiss the plaintiff's complaint [Docket 2] for failure to state a claim upon which relief can be granted, deny the plaintiff's Letter-Form Motion for Service of Summonses by Certified Mail [Docket 13], and deny as moot the plaintiff's Application to Proceed Without Prepayment of Fees and Costs [Docket 1]. (*See* Proposed Findings and Recommendation ("PF&R") [Docket 18], at 5). The Magistrate Judge also recommended that I "warn the plaintiff that the continued filing of frivolous actions or engaging in abusive conduct in this court may result in the imposition of sanctions and/or filing restrictions." (*Id.*). The pro se plaintiff submitted Letter-Form Objections on April 13, 2015 [Docket 19].

A district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This court is not, however, required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. *Thomas v. Arn*, 474 U.S. 140, 150 (1985). When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary. *Howard's Yellow Cabs, Inc. v. United States*, 987 F.Supp. 469, 474 (W.D.N.C. 1997). A litigant who makes only vague objections to the magistrate's findings prevents the district court from focusing on disputed issues and thus renders the initial referral to the magistrate judge useless. *Id.* Such a general objection does not meet the requirements of 28 U.S.C. § 636(b)(1), and failure to file a specific objection constitutes a waiver of the right to de novo review. *Id.* (citing *Mercado v. Perez Vega*, 853 F.Supp. 42, 44 (D.P.R. 1993)).

The plaintiff filed her two-page handwritten complaint on March 13, 2015 [Docket 2]. She proceeded to then file additional documentation in support of her complaint on March 18 [Docket 4], March 23 [Docket 5], March 25 [Docket 6, 7], April 3 [Docket 8, 9, 10], April 6 [Docket 11], April 7 [Docket 12], and after the Magistrate Judge's PF&R, on May 5 [Docket 22], June 11 [Docket 24], June 12 [Docket 25, 26], and July 8 [Docket 27].

In the PF&R, the Magistrate Judge states that "[t]he plaintiff's Complaint and additional documents are difficult to read and largely unintelligible. Many of the documents are handwritten in cursive and are not legible enough to read." (PF&R [Docket 18], at 3). I agree. From the record, the Magistrate Judge gathered that the plaintiff, who describes herself as "Ordend [sic; Ordained?]

Cardinal Bishop Rites Reigioues [sic; Religious?] Services Anna M. Vines Carter," is arguing that jewelry stores around the United States and in other countries have stolen a trademark that she owns on a cross symbol. (*Id.* at 3 (internal quotation marks omitted)). As part of her Letter-Form Objections, the plaintiff submitted a handwritten list of "(14) Countries also Selling [her] Cross," including Mexico, Panama, Spain, New Zealand, Thailand, and others. (Letter-Form Objections [Docket 19], at 6).

The plaintiff named Store Merchants in Malls as the defendant in this case. On April 7, she submitted summons for Macy Jewelry Store, Walmart Jewelry Store, Reed Jewelry Store, J.C. Penny Jewelry Stores, and Zeal Jewelry Store [Docket 15].

Even in light of the liberal construction given to pro se filings, *see Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), I find that the plaintiff raises no specific objections to the Magistrate Judge's PF&R. Her Letter-Form Objections contain eight pages, all either difficult to comprehend or lacking relevance to her purported claim. (Letter-Form Objections [Docket 19], at 1-8). Her last page is entitled "(brife) [sic] Objections about allegations are not true issue" and, to the best of the court's deciphering ability, states the following list:

      (1) Respectfully motion for summonses
      (2) Payed [sic] in full
      (3) Presiding District Judge dismiss of
      (4) Frivolous
      (5) Malicious
      (6) Plausible claim for relief survives a motion to dismiss
      (7) Identifying pleadings
      (8) Factual
      (9) Factual allegations
      (10) Equal right           (11) (Right Now, Right Now)
           Gold Seal Under Document Seal
           Ordend [sic] Cardinal Bishop Rites Rigioues [sic]
           Anna M. Vines-Carter

(*Id.* at 8).

Because the plaintiff does not address any specific error by the Magistrate Judge, the court **FINDS** that a de novo review is not required. Accordingly, the court accepts and incorporates herein the findings and recommendations of the Magistrate Judge and orders judgment consistent with the findings and recommendations. The court **DISMISSES** the plaintiff's complaint [Docket 2], **DENIES** the plaintiff's Letter-Form Motion for Service of Summonses by Certified Mail [Docket 13], and **DENIES as moot** the plaintiff's Application to Proceed Without Prepayment of Fees and Costs [Docket 1]. I further warn the plaintiff that continuing to file frivolous actions or other abusive conduct may result in sanctions and/or restrictions on filing. *See* Fed. R. Civ. P. 11(c)(1) (stating that the court may impose sanctions on a party that violated Rule 11(b) by filing frivolous claims); *see, e.g., Brock v. Angelone*, 105 F.3d 952, 954 (4th Cir. 1997) (per curiam).

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:      July 13, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

4